THE BERGEN TURNPIKE COMPANY *vs.* THE STATE (DAVID WALKER ET AL. Complainants).

*In special statutory proceedings, everything necessary to give jurisdiction must be shown.*

---

*Certiorari* to reverse proceedings under the 21st section of the act entitled, "An act authorizing the incorporation of plank road companies," approved February 26, 1852.

Argued, *ex parte*, February term, 1856, before POTTS, RYERSON, and VREDENBURGH, Justices, by *Zabriskie*, for the plaintiffs in *certiorari.*

The opinion of the court was delivered by

POTTS, J. This was a proceeding under the 21st section of the act authorizing the incorporation of plank road companies, *Nix. Dig.* 603, the provisions of which section were extended, by an act relating to plank and turnpike roads, (*Nix. Dig.* 605) to every turnpike company incorporated by the legislature that may have faced their road, or any part thereof, with plank, in whose act of incorporation, or any supplement thereto, no provision shall have been made for causing the gate or gates on said roads, and, said roads, to be kept open in case any such road shall not be kept and maintained in the manner and of the materials required in there respective charters, or any supplement thereto.

Complaint having been made to a justice of the peace that certain portions of the company's road was out of repair, &c., he appointed three persons to view the same, and, upon their report, ordered the tollkeeper of the nearest gate to keep the same open until otherwise directed, and to exact no toll from travellers, &c.

These proceedings and the order of the justice are brought up for review by this writ, and various reasons

are assigned for reversal. Upon examination, several fatal defects are manifest.

1. The act in question requires the justice to appoint, by writing under his hand and seal, the persons who are to view the road, and no such appointment appears to have been made. Nothing of the kind is sent up with the writ, and in answer to a rule taken, the justice returns, that there was not, nor is before him, any other appointment except that returned with the writ.

2. The act requires, that upon complaint being made that the road is out of repair to a judge or justice, he shall give notice to the president of the company, or to the keeper of the nearest gate or turnpike, setting forth the nature of the complaint, and that if the cause of complaint, if any, be not removed, he will, on a certain day, ·&c., appoint, &c. There is nothing to show that this notice was given, as required, before the appointment of the persons to view the road was made.

· 3. Again, the keeper of the nearest gate is to have notice of the time and place of the meeting of the persons appointed to view the road ; and though the report states that the notice required was given, yet there is nothing to show that the notice was in due form, or served upon the proper person, all which should be made to appear by the proceedings.

In these and other respects, the proceedings are informal and invalid. It was held, in the case of *The State* v. *The Williamstown and Good Intent Turnpike Co.*, 4 *Zab.* 547, that in these special statutory proceedings everything necessary to give jurisdiction must be shown.

A question was made whether, as this turnpike company was incorporated in 1802, without any reservation of power to alter or repeal, the legislature could, by a subsequent act, subject the company to the operation of these new remedial proceedings against them. This is a grave question. But as its decision is not necessary to

decide the cause, and the question is presented upon an *ex parte* argument, we deem it inexpedient to express any opinion upon it now.

The order of the justice is reversed and set aside.